JUSTIN M. BAXTER
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorney for Plaintiffs Breniser and Thurber

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JERRY BRENISER and GALE THURBER, | Case No. 07-CV-1418-HU |
| Plaintiffs, | PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION |
| v. | FOR SUMMARY JUDGMENT |
| WESTERN RECREATIONAL VEHICLES, INC., a foreign corporation, | |
| Defendant. | |

INTRODUCTION

This is an action for defendant Western Recreational Vehicles, Inc.'s (hereinafter "WRV") failure to comply with the warranty on a defective 2006 Alpenlite Portofino Fifth Wheel, that plaintiffs Jerry Breniser and Gale Thurber purchased in Oregon in August of 2005. The Alpenlite had numerous manufacturing defects, which in turn caused the growth of mold and

Page 1 - PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

other damage to the Alpenlite. Plaintiffs made numerous attempts to have the Alpenlite repaired or replaced, but WRV failed to comply with the warranty.

As of the date of the recent status conference with the Court, WRV's representative states that WRV is out of business and does not intend to further defend or appear in this case. WRV has not retained counsel to appear on its behalf, and has not complied with discovery requests. Accordingly, pursuant to Fed. R. Civ. Proc. 56, plaintiffs seek summary judgment.

ARGUMENT

I. SUMMARY JUDGMENT STANDARD.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party may obtain summary judgment on "all or any part" of a claim. Fed. R. Civ. P. 56(a).

II. THE MAGNUSON MOSS WARRANTY ACT.

The Magnuson Moss Warranty Act (MMWA), 15 U.S.C. § 2301 et seq., turns common law warranty claims arising out of consumer warranties into federal statutory claims. The MMWA provides that a party that fails to comply with its written warranty is subject to an action for damages and attorneys fees. 15 U.S.C. § 2310(d).[1]

---

[1] That section provides, in pertinent part:

> (d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims.
>
> (1) [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . .

On or about August 26, 2005, plaintiffs purchased a 2006 Alpenlite Portofino Fifth Wheel from Highway Trailer Sales in Salem, Oregon. The Alpenlite was manufactured by Western Recreational Vehicles, Inc. At the time of the sale, a representative of Highway Trailer Sales advised plaintiffs that the Alpenlite was covered by WRV's full warranty, and that any and all repairs needed could be brought to Highway Trailer Sales for service under the WRV warranty. Concise Statement of Facts, ¶ 1.

After the purchase, plaintiffs began discovering numerous defects and damage to the Alpenlite. These defects included a leaking roof and slider seals; a leaking refrigerator; faulty shower, moulding, and vents; defective microwave, furnace, and electronics; damaged or defective slider; delamination at trailer-side fifth wheel support; and defective wheels. In addition, as a result of one or more of said defects, the vehicle at issue in this case has sustained water damage, mold, and damage to wiring and circuitry. The defects are continuing, and plaintiffs continue to experience leaking and mold growth in the Alpenlite. Concise Statement of Facts, ¶ 2.

Initially, plaintiffs returned to Highway Trailer Sales for service under the WRV warranty. Highway Trailer Sales was unable to repair or remedy all of the defects, so plaintiffs contacted WRV. WRV required plaintiffs to deliver the Alpenlite to the WRV factory in

---

(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

Page 3 - PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Yakima, Washington. WRV was unable and unwilling to repair or remedy all of the defects and damage. Attached as Exhibit 1 to the declaration of Jerry Breniser is a true copy of the warranty history for the Alpenlite, as well as correspondence between plaintiffs, Highway Trailer Sales, and WRV. Concise Statement of Facts, ¶ 3.

In 2007, by and through their attorney, plaintiffs again requested that WRV repurchase the Alpenlite and refund plaintiffs' out pocket losses. WRV ultimately refused to repair or remedy the defects, or to rescind the sale. Concise Statement of Facts, ¶ 4.

III. PLAINTIFFS' DAMAGES.

As a result of WRV's failure to repair or replace the defective Alpenlite under the warranty, plaintiffs are left with a virtually worthless RV. On the one hand, if they keep it as is, it will continue to leak and grow mold. On the other hand, if they choose to sell it, they would have to disclose the defects, damage, and WRV's failure to remedy or repair all of the issues. As a result, plaintiffs have suffered out of pocket losses of $88,623.68. Concise Statement of Facts, ¶ 5. Any use or benefit of the Alpenlite is substantially offset by the defects and damage to the Alpenlite, including but not limited to living with a leaking recreational vehicle, constantly cleaning up mold growth, and the cost and inconvenience of continual efforts to have defects and damage remedied or repaired.

IV. SALE OF THE BUSINESS TO DEFENDANT.

The original manufacturer of the Alpenlite was Western Recreational Vehicles, Inc., a Washington corporation. On or about December 15, 2006, that corporation sold all assets and liabilities to the named defendant Western Recreational Vehicles, Inc., a Delaware corporation. See, Asset Purchase Agreement, ¶ 1.1-1.2.

In 2007, plaintiffs' counsel corresponded with attorney Valerie Von Bourg regarding plaintiffs' warranty claims relating to the Alpenlite at issue in this case. Counsel for the parties briefly discussed the possibility of repairs to the Alpenlite, but as that was not what plaintiffs wanted at that point, plaintiffs' counsel requested that WRV repurchase the Alpenlite and refund plaintiffs' out of pocket expenses. Counsel for the parties also discussed the possibility of a replacement vehicle, but a satisfactory replacement could not be agreed upon. The parties attempted to negotiate a rescission and restitution, but were unsuccessful. WRV ultimately refused to remedy the defects and damage, or to comply with the warranty on the Alpenlite. Concise Statement of Facts, ¶ 7. When a party adopts a consumer warranty through "written and oral representations," it becomes liable under the MMWA. 16 CFR § 700.4.

V. FAILURE TO RESPOND TO DISCOVERY REQUESTS.

As the Court is aware, WRV has largely ceased participating in this case. Its attorneys have withdrawn representation, and WRV has not designated new counsel to appear. On or about June 11, 2008, plaintiffs' counsel sent a request for production to WRV's corporate representative. A true copy of the request for production is attached as Exhibit 2 to the declaration of Justin M. Baxter. WRV failed to respond to the request for production with objections, responses, or responsive documents. Declaration of Justin M. Baxter, ¶ 4.

WRV's failure to produce documents in response to the request for production has made it more difficult for plaintiffs to prosecute their case. Fed. R. Civ. Proc. 37(c)(1) provides, in pertinent part:

> If a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> * * *
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. Proc. 37(b)(2)(A)(i)-(vi), in turn, provides a list of possible orders, to wit:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; * * *

As WRV has failed to make disclosures in response to plaintiffs' request for production, and has generally ceased participating in this action, plaintiffs ask the Court to take the facts and allegations of the complaint as established, strike the defendant's answer, and rendering a default judgment against defendant.

DATED this 23rd day of September, 2008.

        /s/ Justin M. Baxter
        _____
        Justin M. Baxter, OSB #99217
        justin@baxterlaw.com
        Telephone (503) 297-9031
        Facsimile (503) 291-9172
        Attorneys for Plaintiffs Breniser and Thurber

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT on:

Philip Von Bourg
142 West 57th St., Suite 1700
New York, NY 10019

    Corporate Representative for Defendant Western Recreational Vehicles, Inc.

    [X]  Via First Class Mail

    [ ]  Via Facsimile

    [ ]  Via Hand Delivery

    [X]  Electronic Delivery to pvonburg@mcpfunds.com

DATED this 23rd day of September, 2008.

                                         /s/ Justin M. Baxter
                                         _____
                                         Justin M. Baxter, OSB #99217
                                         justin@baxterlaw.com
                                         Telephone (503) 297-9031
                                         Facsimile (503) 291-9172
                                         Attorneys for Plaintiffs Breniser and Thurber