IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JERRY BRENISER and GALE THURBER,<br><br>               Plaintiffs,<br><br>     v.<br><br>WESTERN RECREATIONAL VEHICLES, INC., a foreign corporation,<br><br>               Defendant. | No. CV-07-1418-HU<br><br>OPINION & ORDER |

Justin M. Baxter
BAXTER & BAXTER LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225

    Attorney for Plaintiffs

HUBEL, Magistrate Judge:

    Plaintiffs Jerry Breniser and Gale Thurber bring this action against defendant Western Recreational Vehicles, Inc., regarding an allegedly defective fifth-wheel trailer plaintiffs purchased in August 2005. Plaintiffs bring a single breach of warranty claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 - 2312 (MMWA).

    Both parties have consented to entry of final judgment by a

1 - OPINION & ORDER

Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). Plaintiffs move for summary judgment. I deny the motion.

## BACKGROUND

The background is fully set forth in my December 12, 2008 Opinion & Order. There, I denied plaintiffs' initial motion for summary judgment because, although the motion was unopposed, plaintiffs had failed to establish that they were entitled to judgment as a matter of law on the summary judgment record they had created.

I allowed plaintiffs to file a supplemental motion[1] addressing three deficiencies: (1) evidence showing that defendant Western Recreational Vehicle in Delaware ("WRV-Delaware") had assumed the obligations of plaintiffs' warranty from Western Recreational Vehicle in Washington ("WRV-Washington") in a December 2006 Asset Purchase Agreement between WRV-Delaware and WRV-Washington; (2) citation to appropriate state law establishing that plaintiffs are entitled to the remedies they seek; and (3) documentation and more detailed explanation of the amounts of damages claimed by plaintiffs. I address these areas in turn.

I rely on the summary judgment standards and law regarding the MMWA recited in the December 12, 2008 Opinion.

## DISCUSSION

I. Asset Purchase Agreement

As seen from reviewing the December 12, 2008 Opinion and

---

[1] Although instructed to file a supplemental motion, plaintiffs filed a supplemental memorandum (dkt #33), which I construe as a motion.

2 - OPINION & ORDER

Order, under the Asset Purchase Agreement, WRV-Delaware assumed liability for the warranty at issue in this case if the liability arises from product defects to products sold on or prior to the closing date of the Asset Purchase Agreement, unless the liability was the subject of a "'claim, action, suit, charge, complaint, material grievance, hearing, investigation or other proceeding (including any arbitration proceedings) . . . and is threatened or pending against the Shareholders or the Company as of the Closing date[.]'"  Dec. 12, 2008 Op. at p. 12 (quoting Exh. 1 to Baxter Declr. at Art. VII).  Finally, even if the liability was subject to such a claim, action, complaint, etc., the liability was still assumed by WRV-Delaware if it was set forth on Schedule 4.10 of the Asset Purchase Agreement.  Id.

As stated in the December 12, 2008 Opinion, the record establishes that the fifth-wheel trailer was sold before the closing date of the agreement.  My review of the record also shows that given the broad recitation in the agreement of words such as "claim, action, suit, charge, complaint," and the like, plaintiffs' repeated complaints, requests to obtain a refund, contact of the Oregon Attorney General for assistance, and threats to "follow other avenues," including contacting a lawyer, are actions qualifying under the agreement as being an excluded liability. Thus, to be an assumed liability, the liability under the warranty at issue here must have been listed on Schedule 4.10.

In the supplemental materials, plaintiffs state that defendant failed to produce Schedule 4.10 in response to plaintiffs' request. I addressed the issue of defendant's production of documents regarding WRV-Washington's purchase by WRV-Delaware in a May 27,

3 - OPINION & ORDER

2008 hearing. At that time, I ordered defendant to produce to plaintiff's counsel "a copy of the entire contract for the sale of Western Recreational Vehicles to its current owners from its predecessor," no later than June 3, 2008. Dkt #20.

Although plaintiffs had not, before the May 27, 2008 hearing, filed a motion to compel production of the sale documents, I construed their production request at the May 27, 2008 hearing as a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(B)(iv). Under Rule 37(b)(2)(A), defendant's failure to obey my May 27, 2008 Order that "a copy of the <u>entire contract</u> for the sale" be produced, allows the court to find as a sanction either (1) that plaintiffs have established that the liability of the warranty at issue was assumed by virtue of its presence on Schedule 4.10, or (2) that defendant is prohibited from denying that the warranty liability is not an assumed liability. Fed. R. Civ. P. 37(b)(2)(A)(I), (ii). Accordingly, I conclude that WRV-Delaware assumed the liability of the warranty at issue under the Asset Purchase Agreement with WRV-Washington.

II. State Law Remedies

As explained in the December 12, 2008 Opinion, this was a limited warranty, not a full warranty under the MMWA. Dec. 12, 2008 Op. at pp. 9, 15. As such, plaintiffs' remedies are provided under state law, not the MMWA. <u>Id.</u> at p. 15; <u>see also</u> <u>Clemens v. DaimlerChrysler Corp.</u>, 534 F.3d 1017, 1022 (9th Cir. 2008) (when no allegation that manufacturer otherwise failed to comply with MMWA, federal MMWA warranty claims hinged on state warranty law) (citing <u>Schimmer v. Jaguar Cars, Inc.</u>, 384 F.3d 402, 405 (7th Cir. 2004) (MMWA allows consumers to enforce written warranties in federal

4 - OPINION & ORDER

court, borrowing state law causes of action)), DeShazer v. National RV Holdings, Inc., 391 F. Supp. 2d 791, 794 (D. Ariz. 2005) ("while MMWA creates additional requirements for consumer protection warranties and creates a private cause of action for breach of a warranty, state warranty law lies at the bsae of all warranty claims under [the MMWA]") (internal quotation omitted).

Plaintiffs, however, in their original summary judgment motion, failed to cite to or discuss any Oregon law regarding remedies for breach of warranty. Id. at pp. 15-16. I ordered plaintiffs to address the issue in the supplemental motion.

In the supplemental materials, plaintiffs cite to Oregon Revised Statutes §§ (O.R.S.) 72.8010 - 72.8200, governing the sale of consumer goods. I agree with plaintiff that the fifth-wheel trailer is a consumer good. O.R.S. 72.8010(1) (citing O.R.S. 79.0102).

Plaintiffs then cite to O.R.S. 72.8130, which provides remedies for a manufacturer's breach of express warranty when the manufacturer does not provide a service or repair facility within the state. The record in the case demonstrates that defendant's service and repair facility was in the State of Washington, not Oregon. Thus, plaintiffs correctly cite to O.R.S. 72.8130.

However, this statute does not provide a remedy to plaintiffs, because it makes the manufacturer liable only to a retail seller who has incurred obligations in giving effect to the express warranty. O.R.S. 72.8130. There is nothing in O.R.S. 72.8130 which gives the buyer of the consumer good a remedy directly as to the manufacturer.

O.R.S. 72.8130 should be read in conjunction with O.R.S.

5 - OPINION & ORDER

72.8110, which states that if the manufacturer expressly warranting a good does not provide service and repair facilities within the state, the buyer may return the good to the retail seller for replacement or for service and repair in conformance with the express terms of the warranty. O.R.S. 72.8110(1). If the retail seller does not effect sufficient service or repair, and does not replace the defective good, the retail seller shall reimburse the buyer in an amount equal to the purchase price paid, less a reasonable charge for beneficial use by the buyer. Id. Read together, the two statutes suggest that when a manufacturer breaches an express warranty on a consumer good, and the manufacturer does not maintain an in-state service and repair facility, the buyer's remedy is against the retailer under O.R.S. 72.8110, and the retailer may then pursue its remedies as to the manufacturer under O.R.S. 72.8130.

While O.R.S. 72.8190 makes clear that the remedies under the statutes governing the sale of consumer goods are cumulative to any other remedy provided by O.R.S. Chapter 72, plaintiffs fail to identify any other statute under which they may obtain remedies for the breach of an express warranty directly from the manufacturer as opposed to the seller of the good. See, e.g., O.R.S. 72.7140 (governing a buyer's remedies for seller's breach); O.R.S. 72.7150 (governing buyer's incidental and consequential damages for seller's breach).

A seller is defined as a person who sells or contracts to sell goods. O.R.S. 72.1030(1)(e). "A 'sale' consists in the passing of title from the seller to the buyer for a price." O.R.S. 72.1060(1). Under these definitions, the retail seller of the

6 - OPINION & ORDER

fifth-wheel trailer, Highway Trailer Sales in Salem, is, on the present record, the seller and thus, the Oregon commercial code remedy for the buyer of nonconforming goods is unavailable to plaintiffs in this case where they have sued only the manufacturer. E.g., Clark v. Ford Motor Co., 46 Or. App. 521, 526-27, 612 P.2d 316, 319 (1980) (plaintiff could not invoke O.R.S. 72.6080 governing revocation of acceptance by the buyer, because the statute allows buyer to revoke acceptance only as to his seller and under Oregon commercial code definition of seller as "a person who sells or contracts to sell goods," manufacturer of car did not sell or contract to sell to plaintiff). In sum, the remedies plaintiffs identify as being against the manufacturer do not apply under the specific wording of the Oregon statutes. Plaintiffs have failed to explain what Oregon-based remedy they are entitled to for the MMWA claim of the breach of the limited warranty.

III. Evidence of Damages

In their original motion, plaintiffs sought damages of $88,623.68. Pltfs' Mem. at p. 4; Pltfs' Concise Stmt of Fact at ¶ 5. These damages were itemized in Breniser's September 23, 2008 Declaration. There, he provided the following list, but no other information:

```
$15,000         -Trade
$1350           -Down Payment
$1280.18        -Monthly Payments
$69,976.82      -Payoff Balance
$269.48         -Tires
$618.20         -Storage
$129            -Dehumidifier
$88,623.68      -Total
```

Sept. 23, 2008 Breniser Declr. at ¶ 6.

In the December 12, 2008 Opinion, I noted that the record

7 - OPINION & ORDER

failed to explain exactly what these damages were and why or how they were recoverable.  Dec. 12, 2008 Op. at p. 16.

The supplemental materials filed by plaintiffs include a Declaration of Gale Thurber which attaches documentation in the form of letters, canceled checks, and receipts, to support the actual damages claimed.  Exhibit 2 is a copy of part of the initial Retail Installment Contract showing plaintiffs as the buyer and Highway Trailer Sales as the creditor/seller, in the purchase of the fifth-wheel by plaintiffs.  Exh. 2 to Thurber Declr.  It is dated August 26, 2005, and shows the original cash sale price of $85,333.69.  Id.  It also reflects a cash down-payment of $1,350 and a credit of $15,000 for the trade-in of a 1996 camper.  Id.  Thus, the unpaid balance of the cash price at the time of sale was $68,983.69.  Id.

Exhibit 2 supports plaintiffs' assertion that they put $1,350 cash down at the time of sale, and were credited $15,000 for the trade-in.  The unpaid balance of $68,983.69 differs somewhat from Breniser's stated $69,976.82 as the payoff balance.  The basis of the approximate $993 discrepancy is unclear.

Exhibit 1 is a copy of an October 11, 2005 letter to plaintiffs from, according to Thurber, Citizen's Automobile Finance, Inc., informing them that they have paid off the loan for the fifth-wheel trailer in full.  Exh. 1 to Thurber's Declr.  The exhibit also includes a copy of the check signed by Thurber to Citizen's Bank, dated September 30, 2005, for $71,135.35.  Id.  Thurber states that prior to paying off the loan, they made two payments of $640.09, for a total of $1,280.18.  Thurber Declr. at ¶ 2.

8 - OPINION & ORDER

Thurber's statement in her declaration supports the assertion that plaintiffs paid $1,280.18 in monthly payments before paying off the loan. It is unclear how the payoff letter and check in Exhibit 1 relate to an item of claimed damages.

Exhibit 3 is a November 29, 2006 receipt from Lowe's for $129 for dehumidifier bags that plaintiffs contend they continually needed to absorb moisture in the fifth-wheel. Id. at ¶ 3; Exh. 3 to Thurber Declr. This supports the claim for $129 in dehumidifier expenses. Exhibit 4 is an October 6, 2006 receipt for $269.48 from Les Schwab for tires. Exh. 4 to Thurber Declr. Exhibit 4 supports the claim for the amount spent on tires.

Thurber also states that plaintiffs incurred $618.20 in storage costs. Thurber Declr. at ¶ 6. This supports the amount claimed for storage.

At this point, although the amounts of these damages are, for the most part, adequately supported by the record, plaintiffs are not entitled to them for the reason explained above - they have failed to cite to an Oregon remedy allowing them to recover from the manufacturer under the facts of this case. I note, however, that even if plaintiffs were successful in showing their entitlement to a remedy under O.R.S. 72.8110 (as to the retailer when the manufacturer does not maintain an in-state service and repair facility), or O.R.S. 72.8100 (if the manufacturer maintains a service and repair facility within the state), the remedy is the service or repair of the good in compliance with the warranty, replacement of the good, or the reimbursement to the buyer of the purchase price less a reasonable charge for beneficial use by the buyer. Additionally, in the event of the replacement of the good

9 - OPINION & ORDER

or refunding of the purchase price, the buyer must return the defective good to the warrantor.

Notably, these statutes do not provide for consequential damages such as storage fees and the dehumidifier. And, inasmuch as the manufacturer is not the seller as explained above, O.R.S. 72.7150 does not apply as to the manufacturer. Additionally, there is no evidence in the record of the value of the beneficial use to plaintiffs, if any. Thus, while plaintiffs have submitted documentation of the monetary amounts claimed, they still fail to show that they are entitled to the damages sought.

IV. Procedural Posture

Currently, this case is set for a three-day jury trial beginning on March 17, 2009. A pretrial conference is set for March 9, 2009, with a pretrial order due on February 9, 2009.

Plaintiffs should proceed with the same exhibits they have submitted at summary judgment, and with the supplemental materials they filed, and prepare witness statements based on the declarations they have already submitted. If, at the pretrial conference, plaintiffs are unable to articulate a viable legal theory entitling them to judgment as a matter of law on the facts established, the Court will discuss with plaintiffs why a judgment dismissing the case should not be entered.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

10 - OPINION & ORDER

CONCLUSION

Plaintiffs' supplemental motion for summary judgment (#33), is denied.

IT IS SO ORDERED.

Dated this __14th__ day of __January__, 2009.


/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

11 - OPINION & ORDER