IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JERRY BRENISER and GALE THURBER, | )<br>)<br>) No.  CV-07-1418-HU |
| Plaintiffs, | )<br>) |
| v. | )<br>) FINDINGS OF FACT & |
| WESTERN RECREATIONAL VEHICLES, INC., a foreign corporation, | ) CONCLUSIONS OF LAW<br>)<br>) |
| Defendant. | ) |

Justin M. Baxter
BAXTER & BAXTER LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225

    Attorney for Plaintiffs

HUBEL, Magistrate Judge:

    Plaintiffs Jerry Breniser and Gale Thurber bring this action against defendant Western Recreational Vehicles, Inc., regarding an allegedly defective fifth-wheel trailer plaintiffs purchased in August 2005.  Plaintiffs bring a single breach of warranty claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 - 2312 (MMWA).

    Both parties have consented to entry of final judgment by a

1 - FINDINGS OF FACT & CONCLUSIONS OF LAW

Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

The case was tried to the Court on March 17, 2009. Plaintiffs appeared through their counsel. Defendant, which was initially represented by counsel in this case, did not make an appearance because it presently has no counsel and thus, it may not appear in this Court. Local Rule 83.9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney.").

These are my Findings of Fact and Conclusions of Law. Fed. R. Civ. P. 52(a).

## FINDINGS OF FACT

On or about August 26, 2005, plaintiffs purchased a 2006 Alpenlite Portofino fifth-wheel trailer from Highway Trailer Sales in Salem, Oregon. Pltfs' Exh. 1. The Alpenlite was manufactured by Western Recreational Vehicles, Inc., a Washington corporation (WRV). Plaintiffs planned to live in the trailer full-time while traveling for Breniser's work as an aircraft mechanic.

At the time of the sale, a representative of Highway Trailer Sales advised plaintiffs that the trailer was covered by WRV's warranty, and that plaintiffs could bring the fifth-wheel to Highway Trailer Sales for any and all repairs. See Pltfs' Exh. 2 (warranty).

WRV warranted that the fifth-wheel would be free of substantial defects in material and workmanship attributable to WRV, for one year from the date of purchase. Id. A substantial defect is defined as the failure of a part or system to perform substantially within the design or manufacturing specifications for

2 - FINDINGS OF FACT & CONCLUSIONS OF LAW

that part or system, and which substantially limits the usage of the good. Id. The warranty also expressly provides for a pro-rata five-year limited warranty covering the "structural integrity" of the unit, meaning fixed, or stationary components including the front, side, and back walls, ceiling, and undercarriage. Id.

Not long after the August 2006 purchase, plaintiffs began discovering numerous defects and damage to the fifth-wheel. The defects included a leaking roof and slider seals, a leaking refrigerator, faulty shower, faulty moulding, faulty vents, defective microwave, defective furnace, defective electronics, damaged or defective slider, de-lamination at trailer-side fifth-wheel support, and defective wheels. See Pltfs' Exh. 3 (service records from Highway Trailer Sales in October 2005, November 2005, January 2006, reflecting numerous problems). In addition, as a result of one or more of the defects, the fifth-wheel has sustained water damage, mold, and damage to wiring and circuitry. Pltfs' Exh. 9 (photographs showing mold on walls and carpet).

Initially, plaintiffs brought the fifth-wheel to Highway Trailer Sales for service under the WRV warranty. Id. (service records show warranty work performed by Highway Trailer Sales). At some point, Highway Trailer Sales was unable to remedy or repair all of the defects and plaintiffs contacted WRV directly. WRV told Breniser that he could continue to bring the trailer to Highway Trailer Sales for warranty work, or could bring it directly to WRV's service center in Yakima, Washington. See Pltfs' Exh. 4 at p. 8 (December 29, 2005 email from WRV Customer Service Representative Gary Ford indicating plaintiffs could schedule a thorough inspection of the fifth-wheel at WRV's Factory Service

3 - FINDINGS OF FACT & CONCLUSIONS OF LAW

Center in Yakima, Washington).

In early February 2006, plaintiffs brought the fifth-wheel to WRV's service center in Yakima. Pltfs' Exh. 4 at p. 11. Nonetheless, on March 1, 2006, plaintiffs emailed WRV to express continued dissatisfaction with the fifth-wheel and to ask for a rescission of the transaction, with a total refund to plaintiffs. Id. at p. 18.

The parties continued discussions about the ongoing problems, including leaks and mold. E.g., Id. at p. 21. In 2007, plaintiffs, through their attorney, again requested that WRV repurchase the fifth-wheel and refund plaintiffs' out-of-pocket losses. WRV refused to rescind the sale and refund plaintiffs' out-of-pocket losses. The defects have continued, and plaintiffs continue to experience leaking and mold growth in the fifth-wheel. Plaintiffs have lived in the fifth-wheel since they bought it, and continue to do so as of the time of trial.

On December 15, 2006, WRV sold its assets to Delaware corporation Western Recreational Vehicles, Inc. (WRV-Delaware). Pltfs' Exh. 10. Some liabilities were assumed under the Asset Purchase Agreement between the two companies. Id.

CONCLUSIONS OF LAW

Plaintiffs' claim arises under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (MMWA); (Dec. 12, 2008 Op. at pp. 5-7).

The warranty issued by the manufacturer of the fifth-wheel trailer, WRV, was a limited warranty under the MMWA; (Dec. 12, 2008 Op. at pp. 7-9).

The binding arbitration provision in the limited warranty is unenforceable and thus, plaintiffs' failure to follow the dispute

4 - FINDINGS OF FACT & CONCLUSIONS OF LAW

resolution provision in the warranty does not bar their claim; (Dec. 12, 2008 Op. at pp. 9-11).

Defendant in this case, WRV-Delaware, assumed the liability of this warranty under its Asset Purchase Agreement with WRV; (Dec. 12, 2008 Op. at pp. 15; Jan. 14, 2009 Op. at pp. 2-4).

Under the MMWA, state law provides the remedy for breach of a limited warranty; (Dec. 12, 2008 Op. at pp. 15; Jan. 14, 2009 Op. at pp. 4-7).

The appropriate state law remedy in this case is found at Oregon Revised Statute § (O.R.S.) 72.8100, which allows a consumer to sue the manufacture for breach of warranty when the manufacturer maintains, or causes to be maintained, in the state sufficient service and repair facilities to carry out the terms of the warranty. The evidence shows that plaintiffs were instructed to take the fifth-wheel to Highway Trailer Sales for warranty-related repairs, and that plaintiffs did so, making Highway Trailer Sales an authorized agent of the manufacturer WRV for purposes of O.R.S. 72.8100. <u>Clark v. Ford Motor Co.</u>, 46 Or. App. 521, 529, 612 P.2d 316, 320 (1980) ("the dealer was the [manufacturer's] agent at least for purposes of warranty work.").

The statute provides that if the manufacturer is unable to service or repair the good in compliance with the applicable warranty, the manufacturer shall either replace the good or reimburse the buyer in an amount equal to the purchase price paid by the buyer, less a reasonable charge for the beneficial use by the buyer, and damage, if any, to the good. O.R.S. 72.8100(4).

Plaintiffs timely notified the dealer and the manufacturer of the defects that were covered under the warranty. WRV has failed

5 - FINDINGS OF FACT & CONCLUSIONS OF LAW

to service or repair the fifth-wheel in compliance with the limited warranty. The defects in the fifth-wheel are substantial defects as defined in the warranty, and occurred within one year of the purchase date.

It is defendant's burden of proof to establish a "reasonable charge for beneficial use" by plaintiffs. Clark, 46 Or. App. at 530, 612 P.2d at 320 ("If Ford is to set off the beneficial use value of the vehicle to plaintiff, the burden is on it to show what that value is.").

Although defendant, when represented by counsel, raised several affirmative defenses in its Answer, it failed to re-assert any affirmative defenses in the pretrial order, precluding its ability to rely on any such affirmative defenses at trial. DP Aviation v. Smiths Indus. Aerospace & Defense Sys. Ltd., 268 F.3d 829, 842 n.8 (9th Cir. 2001) ("a pretrial order generally supersedes the pleadings, and the parties are bound by its contents.") (internal quotation and brackets omitted).

Even if the affirmative defenses raised in the Answer are considered, no evidence or argument was offered at trial in support of any of these defenses. Notably, defendant failed to raise the issue of an offset for beneficial use in its Answer. It also failed to provide any evidence of the value of plaintiff's beneficial use, if any. Defendant has been on notice since this Court's December 12, 2008 Opinion on plaintiff's first summary judgment motion, that Oregon consumer statutes supplied the appropriate remedy for plaintiffs' MMWA claim. And, defendant has been on notice since plaintiff's supplemental motion for summary judgment was filed on January 2, 2009, that O.R.S. 72.8100, was the

6 - FINDINGS OF FACT & CONCLUSIONS OF LAW

particular statute that plaintiffs relied on.

The record suggests that plaintiffs' ability to live in the fifth-wheel might have some value, but, because of defendant's failure of proof, there is no evidence of what that value might be. Additionally, the record supports finding that the value is negligible given the multiple defects, the continued leaking, and the incessant mold growth.

The purchase price of the fifth-wheel was $85,333.69. Pltfs' Exh. 1.  Under O.R.S. 72.8100(4), plaintiffs are entitled to judgment in that amount.  I reject plaintiffs' argument that they are entitled to a judgment of $88,765.53 because, as the record shows, this includes interest paid on the loan they used to finance part of the purchase price.  The statute allows plaintiff to recover the purchase price which is the price paid by the buyer to the seller.  There is no support for the purchase price to include monies attributable to finance charges and interest paid to someone other than the seller.

The statute also provides that when the purchase price is refunded, the buyer is to return the defective good to the warrantor free and clear of liens and encumbrances.  O.R.S. 72.8100.  Here, while returning the fifth-wheel to Highway Trailer Sales is sufficient, Clark, 46 Or. App. at 529, 612 P.2d at 320 ("Because the dealer was designated as [the manufacturer's] agent for warranty work, we conclude that the return of the vehicle to the dealer was a return to [the manufacturer] within the meaning of the statute"), given the burdens already placed on plaintiffs, it is more reasonable to order that plaintiffs make the fifth-wheel available to defendant and require defendant to retrieve it.

7 - FINDINGS OF FACT & CONCLUSIONS OF LAW

Because of defendant's purported insolvency, the Judgment in this case will require plaintiffs to make the fifth-wheel trailer available to defendant within thirty days of recovering the monies owed by defendant, whether that be by defendant's voluntary payment, or from defendant involuntary through other means.

Plaintiffs seek prejudgment interest in the pretrial order. Because state law provides the remedy for this federal cause of action, I award plaintiffs prejudgment interest at the rate of 9% per annum, beginning with the date of sale of the fifth-wheel, under O.R.S. 82.010, since this result contemplates a rescission of the contract.

Although plaintiffs sought attorney's fees in their Complaint, I make no award of attorneys' fees because they failed to assert an attorney's fee claim in the pretrial order.

## CONCLUSION

Judgment is awarded to plaintiff in the amount of $85,333.69. Prejudgment interest is awarded, beginning with the date of sale of August 26, 2005, at a rate of 9% per annum. Post-judgment interest at that rate is also awarded. Within thirty days of payment by defendant of the money owed, with interest, plaintiffs shall vacate the fifth-wheel trailer, tell defendant where the fifth-wheel trailer is located, and make it available to defendant wherever it

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8 - FINDINGS OF FACT & CONCLUSIONS OF LAW

is then located. Defendant then has thirty days to retrieve the fifth-wheel trailer from that location. If defendant does not do so, disposal of the fifth-wheel trailer is at plaintiffs' discretion.

IT IS SO ORDERED.

Dated this   17th   day of   March   , 2009.


/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

9 - FINDINGS OF FACT & CONCLUSIONS OF LAW